UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LAVADRE DASHUN BUTLER, | ) | C/A No. 4:14-2276-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| OFFICER (MR.) LARRY DURANT | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |

This matter is before the court on Plaintiff's Motion to Compel (doc. #48). Defendant filed a response in opposition to Plaintiff's Motion. (Doc. #59).

In his motion to compel, Plaintiff seeks an order compelling the production of certain documents that he asserts the Defendant did not provide in the response to the request for production.[1] Plaintiff's objections to Defendant's responses and Defendant's responses to the motion to compel are as follows, quoted verbatim:

1.  In Defendant's response to the forementioned Request for Production the complete answer to the third request due to the fact the Defendant alleges that Plaintiff's medical records from 6-13-12 until 8-5-14 were enclosed with the response, is fabricated seeing as this documentation was not included in the correspondence received by the Plaintiff from Thompson + Henry PA on 12-17-14. This tactic is hindering the Plaintiff from further proving the fact the Plaintiff was injured due to the actions of the Plaintiff.

Response:  The medical documents requested by the Plaintiff were enclosed in the Defendant's Response to Plaintiff's Request for Production dated December 12, 2014, but the Defendant is resending them to the Plaintiff as an attachment to this response.

---

[1] Plaintiff did not attach a copy of the discovery requests and responses to his motion to compel.

(Doc. #59).

Based on the response of Defendant, the motion to compel as to this request is denied as moot.

> 2. Defendant's response to Plaintiff's fourth request, the complete record of the Defendant as a prison employee with all sensitive information redacted should be overruled seeing as the Defendant has failed to demonstrate how this request is irrelevant, a security risk, unwarranted or inadmissible. This documentation would likely lead to evidence showing the Defendant has history of making similar constitutional violations, the Defendant has failed to uphold his duties on more than one occasion, and would strengthen Plaintiff's complaint and all facts therein. Furthermore, Defendant should have no problem allowing the requested documents to be viewed in camera and redacted at the discretion of your honor.
>
> Response: Defendant's personnel file has no relevance to Defendant's alleged actions or inactions as to the Plaintiff. Furthermore, this file contains information which puts Defendant and his family at risk for criminal activity.

Plaintiff's motion to compel as to this request is granted provided, however, Defendant may redact any information that he feels represents a security risk. Additionally, the Defendant shall generally explain the nature of the information that is redacted. Defendant shall comply with this directive within fifteen (15) days from the date of this order.

> 3. Defendants objection to Plaintiff's fifth request, the complete roster of all inmates housed in the Darlington unit on the Northside on 6-13-12 is completely without merit and should be overruled seeing as this roster presents multiple potential eye witnesses possesing testimony that will clearly establish the facts of this case and play a vital role in shedding light on the wrongdoing of the Defendant. This information would very likely be admissible in court therefore cannot be irrelevant and is not burdensome whatsoever seeing as the requested roster will most likely consist of no more than two to three sheets of paper that SCDC can easily provide the Defendant with from their

      records.

 Response: It is extremely unlikely that inmates will recall this incident two and half (2/12/2) years later. Also, included in this list are presumably Plaintiff's attackers who are unlikely to be truthful about the altercation. In addition, it would be burdensome to research this information as inmate movements are recorded individually, and not by area.

Plaintiff's motion to compel is granted with regard to this request. Defendant shall provide this information to the Plaintiff within fifteen (15) days from the date of this order.

 4. Defendant's objections to Plaintiff's sixth request, the rules and regulations and policies concerning the operation of a Dorm in the S.C. Dept. Of Corrections, with all sensitive information redacted pending an in camera view by the Honorable Judge Rogers, has no merit seeing as the Defendant has failed to demonstrate how these documents would be irrelevant, inadmissible, or overly broad. This information would clearly establish the duties expected of the Defendant while operating in the dorm on 6-13-12 and would either prove his actions to be completely justified under color of state law and SCDC guidelines or completely unjustified making this information extremely relevant to the facts mentioned in the Plaintiff's complaint.

 Response: Revealing institutional operations information to inmates presents a substantial security risk to correctional officers and the Defendant strenuously objects to discovery of this information. In addition, this information is irrelevant because even if internal policies were violated, which is denied, such violations do not equate to constitutional violations of Plaintiff's rights.

A court can limit discovery when the burden of the discovery would outweigh the benefits. Rule 26(b)(2)(C)(iii), Fed.R.Civ.P. Plaintiff's motion to compel his overly broad request for "rules and regulations and policies concerning the operation of a Dorm" is denied.

5.  Defendant's objection to Plaintiff's eighth request, the rules and regulations and policies governing us[e] of force by SC Dept. Of Corrections employees with all sensitive information redacted at the discretion of the Honorable Judge Rogers after viewing these documents in camera, has no merit and should be overruled seeing as this information would bring into focus whether or not the actions performed by the Defendant during the attack on the Plaintiff were reasonable under the totality of the circumstances. This information should be viewed in camera by your honor, redacted accordingly, and given to the Plaintiff so that justice may prevail.

Response:   Revealing "Restricted" Use of Force policy to inmates presents a substantial security risk. Also, this is irrelevant to Plaintiff's case. He does not allege excessive force was used on him but that Officer Durant failed to protect him.

Plaintiff's motion to compel restricted policy is denied. Plaintiff fails to make a showing of need in this case for such policy. Plaintiff has not raised allegations of excessive force. Thus, he fails to show any benefit that would outweigh the security interests of the SCDC. Therefore, Plaintiff's motion to compel as to this request is denied.

6.  Defendant's objection to Plaintiff's ninth request, inspection of any material and objects obtained/confiscated in relation to the 6-13-12 incident, has absolutely no merit and should be overruled seeing as this request would yield evidence corroboration Plaintiff's complaint including the weapon that the Defendant allowed the Plaintiff to be attacked with and severely injured on 6-13-12 therefore this cannot be viewed irrelevant and would be the type of evidence expected in a case justice would benefit greatly.

Response:   Incident reports detail the contraband confiscated after the incident, including from the Plaintiff. A visual inspection would provide no additional information.

Plaintiff seeks inspection of the weapon that was allegedly used to injure the Plaintiff on June 13, 2012. In lieu of permitting inspection, Defendant may provide Plaintiff with a photograph of any such weapon obtained/confiscated within fifteen (15) days of the date of this order.

| | |
|---|---|
| 7. | Defendant's objection to Plaintiff's twelfth request, minutes of staff meetings held concerning the 6-13-12, has no merit and should be overuled due to the fact his would provide additional information surrounding the theory of defense as well as the facts stated in complaint. |
| Response: | Upon information and belief, there are no minutes of staff meetings concerning the June 13, 2012 inmate altercation. |

Defendant's response to this request is sufficient. Therefore, Plaintiff's motion to compel with regard to this request is denied.

| | |
|---|---|
| 8. | Defendant's objection to Plaintiff's thirteenth request, the Defendant's use of report, due to the fact this would present both parties with an equal opportunity to weigh the Defendant's actions in light of the actions that should or should not have taken place while the Plaintiff was being attacked, totally helpless to defend himself. |
| Response: | All reports regarding this incident were attached to Defendant's Summary Judgment motion and served on Plaintiff. |

Defendant asserts that he has provided all documents which would be responsive to this request and served on Plaintiff along with the motion for summary judgment, Therefore, the motion to compel with regard to this request is denied.

| | |
|---|---|
| 9. | Defendant's objections to all request(s) not individually mentioned hold no merit as well and are completely frivolous in an attempt to dilute the truth of the matter as well as th speed and efficiency of which we arrive at this truth. |
| Response: | This Defendant denies this assertion. |

Plaintiff's request is vague, overly broad, and lacks any specificity. Thus, the motion to compel with regard to this request is denied.

IT IS SO ORDERED.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

January 27, 2015  
Florence, South Carolina