IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Lavadre Dashun Butler, )
)
    Plaintiff, ) C.A. No. 4:14-cv-2276-RMG
)
v. )
) **ORDER**
Officer (Mr.) Durant, )
)
    Defendant. )
_____)

2015 APR -8 A 10: 26

Plaintiff, an inmate at Lee Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights in failing to intercede when he was attacked by other prison inmates on June 13, 2012. For the reasons stated herein, the Court DENIES the Motions for Summary Judgment (Dkt. Nos. 44 and 49) and ADOPTS the Report and Recommendation ("R&R," Dkt. No. 65) in whole.

## Background

Plaintiff alleges that on June 13, 2012, Officer Durant (Defendant), in spite of known disruptions and escalation of tension between prisoners, unlocked Plaintiff's cell, which allowed other inmates to enter and attack him. He further alleges that he escaped the cell and asked Defendant for help, explaining that he (Plaintiff) was "hurt bad," and that Defendant did not respond until the attackers had actually stabbed Plaintiff a second time in front of the officers' desk. (Dkt. No. 1). Plaintiff filed a Motion for Summary Judgment on December 16, 2014 (Dkt. No. 44), and Defendant filed a Motion for Summary Judgment on December 22, 2014 (Dkt. No. 49). Plaintiff filed a Response on January 2, 2015 (Dkt. No. 55), and Defendant filed a Response on January 12, 2015 (Dkt. No.57). The case is now before this Court on the R&R of the Magistrate Judge, submitted February 27, 2015 (Dkt. No. 65), which recommends that both

Motions for Summary Judgment be denied. Defendant filed Objections to the R&R on March 13, 2015 (Dkt. No 67) and Plaintiff filed a Reply to the Objections on March 25, 2015 (Dkt. No. 68).

## Analysis

### A. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d

2

1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)). The Court does not engage in credibility determinations at this stage, but rather must view the evidence in the light most favorable to Defendants as the nonmoving party. *See Okoli v. City of Baltimore*, 648 F.3d 216, 231 (4th Cir. 2011).

## B. Discussion

The Court has carefully reviewed the R&R, the full administrative record in this matter, and the relevant authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that Defendant's Motion for Summary Judgment be denied. Prison officials have a duty under the Eighth Amendment "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. In order to establish a claim for failure to protect under the Eighth Amendment, an inmate must show: (1) "serious or significant physical or emotional injury," and

3

(2) that prison officials exhibited deliberate indifference to inmate health or safety. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). A prison official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health or safety." *Brown v. N.C. Dep't of Corrs.*, 612 F.3d 720, 723 (4th Cir.2010).

As the Magistrate Judge found, based on the record presented, an issue of fact exists as to whether Defendant was aware of a substantial risk of harm to Plaintiff and failed to act. Defendant asserts that he immediately called first responders when the commotion occurred; Defendant's version of events is materially different from that of Plaintiff.

Defendant's Objections to the R&R do not resolve the issues of material fact; if anything, they raise more discrepancies between the accounts. Defendant's position is that because "Durant confirms that he went to investigate when the commotion ensued and only then did he discover the Plaintiff had been attacked," that the issue is settled. The Objections also cite to the affidavit submitted by Sgt. Anderson, who agrees with Defendant's recollection of the series of events that led to Plaintiff's injuries. To adopt Defendant's view would be to make a determination on facts and credibility that cannot be appropriately made by the Court on a motion for summary judgment. The Court therefore declines to grant summary judgment.

## Conclusion

The Court has reviewed the R&R, the full administrative record in this matter and the relevant legal authorities. The Court finds that the Magistrate Judge ably and promptly summarized the factual and legal issues and appropriately recommended that the motions be denied. Therefore, the Court hereby **ADOPTS** the R&R as the order of this Court and **DENIES** the Motions for Summary Judgment (Dkt. No. 44 and 49).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 8, 2015
Charleston, South Carolina

5